*Philip Crippen* v. *Amos H. Brown et al.* J. V. L. PRUYN, for complainant; A. BECKER and A. TABER, for defendants. Application for re-taxation of costs, on dismissal of bill.

Costs, what items are taxable.

Decided that the charge for counsel perusing and signing answer is taxable, although the counsel whose name alone is affixed, is the solicitor in the cause.

That it is useless prolixity to set out at length, in an answer, the provisions of the revised statutes relative to usurious contracts, &c.

That the request to the register to enter the appearance of a defendant is not a notice, nor taxable as such. Nor is a charge for attending the register to enter an appearance. Nor a charge for engrossing a list of witnesses; or a notice that a list of witnesses is such.

That the 8th section of the act of May, 1840, concerning costs and fees in courts of law, and for other purposes, (*Laws of* 1840, *p.* 331,) was intended as a substitute for the 33d section of the general fee bill contained in the revised statutes; and that the allowance, in the 8th section of the act of 1840, of fifty cents a day for attendance, and four cents per mile for travel fees, embraces the proper rate of compensation to be paid to witnesses for their services in suits in the courts of equity as well as in courts of law which are courts of record.

That the proper mode of charging for witnesses' fees, in a bill of costs, is to state therein the name of the witness, the

number of days he attended, and the distance of his residence from the office of the examiner, or from the place of his examination. And that the usual affidavit that the disbursements charged in the bill have been actually and necessarily paid or incurred will, in general, be a sufficient verification of such charge for witnesses' fees. But that where there is any ground for believing that witnesses have been subpœnaed for the mere purpose of swelling the bill of costs against the adverse party, the taxing officer ought not to allow for the fees of the witnesses without an affidavit of the party himself that he not only deemed the whole number of witnesses charged for material and necessary, but that he has actually paid them the full amount charged in the bill, for their travel and attendance, previous to the termination of the suit. And that except in cases where the taxing officer requires this affidavit of the party, no charge for an extra affidavit in support of the allowance claimed as disbursements for witnesses' fees should be allowed.

That the statute does not justify an allowance for disbursements in prospect except such as must necessarily be incurred for the fees of officers which are fixed by law, so that the amount thereof may be ascertained and deducted from the taxed bill if the amount is paid before such prospective services are performed. ·

The sum of $73,16 directed to be deducted from the bill as taxed; and defendant ordered to pay $10 for costs of this motion.